UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PAMELA S. WATERS and WALLACE R. WATERS**                                    **PLAINTIFFS**

**V.**                                                          **CIVIL ACTION NO.1:07CV0471 LTS-RHW**

**NATIONWIDE MUTUAL INSURANCE CO., ET AL.**                          **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

The Court has before it the motion [7] of the plaintiffs Pamela S. Waters and Wallace R. Waters (Waters) to remand this action to the Circuit Court of Jackson County, Mississippi. This action was removed on grounds of diversity of citizenship and the requisite amount in controversy. The removing parties allege that the plaintiffs' claims against Defendant Marvin Robinson (Robinson) are groundless and that his citizenship should be disregarded in ascertaining whether this Court has subject matter jurisdiction. Plaintiffs motion to remand challenges the propriety of the removal and the Court's subject matter jurisdiction under 28 U.S.C. §1332. Both the plaintiffs and Robinson are resident citizens of Mississippi, and, if the plaintiffs have stated a cause of action against Robinson, the complete diversity of citizenship necessary to establish this Court's jurisdiction is absent. For the reasons set out below, the motion to remand will be denied.

Plaintiffs were the owners of a residence situated at 5012 Belle Fontaine Road, Ocean Springs, Mississippi, at the time of Hurricane Katrina. This residence was completely destroyed during the storm.

Plaintiffs had three insurance policies in force at the time of the storm: a homeowners policy with Nationwide Mutual Insurance Company (Nationwide) (limits of $214,000 dwelling/$21,400 other structures/$117,700 personal property/$42,800 loss of use); a standard flood insurance policy issued by Nationwide under the National Flood Insurance Program (limits of $235,400 building/$84,000 contents); and a wind damage policy issued by Audubon Insurance Company (Audubon) through the Mississippi Windstorm Underwriting Association (the Wind Pool) (limits of $214,000 dwelling/$55,000 personal property).

Plaintiffs have collected, under their Audubon (Wind Pool) policy, $98,288.75 (dwelling) and $55,000 (contents). Plaintiffs have collected, under their flood policy, $202,845.28 (building) and $84,000 (contents). Nationwide has declined the plaintiffs' demand for payment under their homeowners policy on the grounds that the Nationwide homeowners policy excludes both wind damage and flood damage from coverage. Plaintiffs contend that a hurricane deductible endorsement in the Nationwide homeowners policy grants coverage for hurricane damage, including wind and flood damage.

Plaintiffs have sued Nationwide's local agent, Robinson, alleging that he breached the duty of reasonable care he owed to the plaintiffs as their insurance agent. Because Robinson is a Mississippi citizen, as are the plaintiffs, I must determine whether the plaintiffs have properly alleged a cause of action against Robinson in order to decide whether this action must be remanded.

Nationwide asserts that Plaintiffs have no valid grounds to proceed on their claims against Robinson and that Robinson has been improperly joined to defeat this Court's diversity jurisdiction. In order to evaluate these assertions I must apply a very liberal standard. Under this standard, the Court must accept as true the material allegations of the complaint, and the Court must grant the plaintiffs all reasonable inferences in support of their claims based upon those facts. I must also resolve all doubtful issues of state law in favor of the plaintiffs. The complaint against the non-diverse defendant, Robinson, may be dismissed only if there is no reasonable basis for concluding that the plaintiffs may establish a right of recovery against him. Under this liberal standard, misjoinder or fraudulent joinder is an issue on which the removing party has the burden of proof. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981); *See Dodson v. Spiliada Maritime Corp*. 951 F.2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000). In order to establish that removal is proper, Nationwide and Robinson must demonstrate that there is no set of facts that the plaintiffs can prove in support of their claim against Robinson that would entitle them to relief.

According to my review of the deposition testimony given by the plaintiffs, there is no complaint against Robinson concerning the initial coverage he sold the plaintiffs in 1995, when they first did business together. Plaintiffs contend, however, that following renovations on their home in 2004, they sought to increase the coverage for their structure to $258,000. Based on an appraisal of the renovated property, Robinson told the plaintiffs that a maximum of $214,000 in coverage for their structure would be available to them through Nationwide. All three policies (wind damage, flood damage, and homeowners) insured the plaintiffs' structure for $214,000. The flood policy limit was increased by 10% at the time of renewal in 2005, so that the flood policy limit for the plaintiffs' structure was $235,400 ($214,000 + 10% = $235,400) at the time of Hurricane Katrina.

Plaintiffs' complaint against Robinson is that he misinterpreted an appraisal of the plaintiffs' property and wrongfully refused to insure their residence structure for $258,000 as they requested. There is a difference of opinion, apparently, whether the appraised value of $258,000 represented replacement cost of the structure, as the plaintiffs contend, or the market value of the entire property including an estimated value of approximately $55,000 for the land upon which the plaintiffs' residence is situated. Plaintiffs assert that they would have insured their dwelling for $258,000 (presumably under all three policies, subject to the maximum available flood insurance limits) had Robinson not misunderstood the substance of the post-renovation appraisal they submitted. Plaintiffs assert that the present replacement cost of their dwelling is $364,386.

The problem with the plaintiffs' theory of recovery against Robinson, as I see it, is that Robinson secured flood coverage and wind damage coverage for the plaintiffs' dwelling of $449,400 ($235,400 flood coverage and $214,000 wind damage coverage). The plaintiffs have already collected $301,134.03 ($98,288.75 for wind damage and $202,845.28 for flood damage) for damage to their structure. This sum exceeds the $258,000 policy limit the plaintiffs assert as the proper limit of coverage Robinson should have obtained for them. Neither the payment for structural damage by Audubon under the wind damage policy ($98,288.75) nor the payment by Nationwide under the flood policy ($202,845.28) exhausted the structural damage limits under either policy, and, if the plaintiffs are correct in their contentions concerning the Nationwide homeowners policy, they still have an additional $214,000 in structure coverage under that policy.

The plaintiffs do not allege that Robinson made any actionable representations to them other than his statement that he could secure no more than $214,000 in coverage for their structure under each of their three policies, based upon the appraisal the plaintiffs submitted in 2004. In order to have suffered any damage from this representation, assuming as I must that Robinson misinterpreted the appraisal, the plaintiffs would have to prove that the damage to their structure was over $515,134.03, the amount they have already collected ($301,134.03) plus the remaining structural limits of their Nationwide homeowners policy ($214,000). Plaintiffs make no such contention.

The indemnity principle limits, as a matter of public policy, recovery of insurance benefits for property damage to the loss incurred by the insured. *Berkshire Mut. Ins. Co. v. Moffett,* 378 F.2d 1007, 1011 (5th Cir.1967); *Wellmeyer v. Allstate Ins. Co.*, 2007 WL 1235042 (E.D.La.); *Weiss v. Allstate Ins. Co.*, 2007 WL 891869 (E.D.La.)*; Esposito v. Allstate Ins. Co.*, 2007 WL 1125761 (E.D.La.). When a property owner has purchased both flood insurance coverage and wind damage coverage he is entitled to collect benefits under both policies to the extent he can prove that his property has been damaged by these two forces of nature. But, in the case of a total loss, his recovery is limited to the lower of two amounts: 1) the pre-storm value of his property, or 2) the limits of his applicable insurance coverage. Once a property owner recovers part of his loss, from either type of insurance, his total loss is offset to that extent. Since the plaintiffs have already collected more that the appraised value of their dwelling, under their own interpretation of the 2004 appraisal, and more than the limits of coverage they assert they would have purchased but for Robinson's representation, I do not believe they have an adequate factual basis to support their claim against Robinson.

Robinson obtained $449,400 in total structural damage coverage for the risks of flood and wind damage. Plaintiffs' own estimate of the cost to rebuild their property is only $364,386. Thus, even leaving aside the homeowners policy's structural coverage limit of $214,000, the plaintiffs were not under insured for storm damage, and any representation by Robinson concerning the limits of coverage available in 2005 has caused the plaintiffs no harm.

It does not appear to me to make any difference whether the wind damage coverage and the flood coverage Robinson obtained for the plaintiffs totaled $449,400 (as is the actual case) or $541,800 ($258,000 in wind damage coverage and 110% of this amount in flood coverage), the amount the plaintiffs wished to purchase.  The maximum the plaintiffs can recover for their loss is the amount of their loss, and plaintiffs assert that this is $364,386, considerably less than the total wind damage and flood damage coverage that was in place at the time of the storm.

Accordingly, I conclude that the plaintiffs can prove no set of facts in support of their claim against Robinson that would entitle them to relief.  I will dismiss the plaintiffs' claims against Robinson, and I will deny the motion to remand.  An appropriate order will be entered.

**DECIDED** this 26th day of February, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE